UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**SOLOMON CAMPBELL**
412 East, 28th Street
Baltimore, MD 21218

    **Plaintiff,**                                                          Civil Action No.: 8:20-cv-3211

v.

**NOVITEX GOVERNMENT
SOLUTIONS, LLC**
1409 Wilmington, DE 19891

    **Defendant.**

---

## COMPLAINT
---

Plaintiff Solomon Campbell, for his complaint against Novitex Government Solutions, LLC ("Novitex"), and respectively avers as follows:

### PARTIES

1. Plaintiff Solomon Campbell is a resident of the state of Maryland.

2. Defendant Novitex Government Solutions, LLC. is a business principally based in state of Delaware.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332.

4. Venue is proper under 28 U.S.C. § 1391(b) because Defendants conduct business and can be found in this judicial district.

5. The events giving rise to the claims in this action occurred in this judicial district.

6. Plaintiff has exhausted all administrative remedies with the Equal Employment Opportunity Commission and is in possession of a Notice of Right to Sue.

## **FACTUAL BACKGROUND**

7. Solomon Campbell is African American man and native of Trinidad, who speaks, in part, a dialect of Trinidad. Mr. Campbell began working for Novitex Government Solutions, LLC ("Novitex")(formerly Pitney Bowes) on or about October 24, 2004. Exela is the parent corporation for Novitex Government Solutions.

8. Mr. Campbell worked at Novitex located at 9140 East Hampton Drive, Capitol Heights, MD 20743.

9. When he first started at Novitex, Campbell worked in the mail room. Months later, he was promoted to a truck driver, transporting mail and supplies to the U.S. House of Representatives at various locations in Washington D.C.

10. At the time he started working for Novitex, Campbell was 54 years old.

11. In 2016, Novitex made John Boryan the Maintenance Worker and Transportation Coordinator. Mr. Boryan is a white male. Boryan knew Campbell was from Trinidad.

12. Campbell was supervised by Boryan.

13. At various times, when Campbell disagreed with some of Boryan's instruction, and due to his own lengthy experience with Defendant, Boryan told Campbell to go back "go back to Trinidad," if he didn't agree with Boryan's instruction.

14. At various times, when Campbell disagreed with some of Boryan's instruction, and due to his own lengthy experience with Defendant, Boryan told Campbell, "why don't you pack up, retire, and go back to your country Trinidad."

15. In or about November 2017, Campbell reported to Boryan that a driver named Daniel Dickerson was performing duties for Defendant while intoxicated. Boryan reported Campbell's statements to Latoya Freeman, Boryan's supervisor. The following day, Freeman called Campbell into her office, questioning him as to why he would report Daniel Dickerson.

16. On the same day in November 2017, immediately after leaving Freeman's office, Boryan told Campbell "you don't understand fuckin American culture." Campbell responded, "is that the reason why I am being paid less than the other drivers?"

17. On the same day in November 2017 that Boryan made the discriminatory comments to Campbell, Campbell reported the discriminatory comments to Freeman and Betty Howell Smith of Human Resources. Campbell also told Freeman and Howell about the pay disparity that he believed was occurring amongst the drivers. Both Freeman and Howell Smith told Campbell that they would look into it the reports of discrimination.

18. On June 20, 2018, Freeman told Campbell that he was terminated.

## CAUSES OF ACTION

### Count 1: Title VII of the Civil Rights Act of 1964
### *Hostile Work Environment*

19. Campbell incorporates every preceding paragraph as alleged above.

20. Campbell was subject to discriminatory severe or pervasive conduct by Defendant based on Plaintiff's national origin.

21. WHEREFORE, Campbell prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

### Count 2: Title VII of the Civil Rights Act of 1964
### *Retaliation*

22. Campbell incorporates every preceding paragraph as alleged above.

23. Campbell engaged in protected activity after complaining of discrimination. He was subsequently terminated because of the protected activity.

24. WHEREFORE, Campbell prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

## JURY DEMAND

### PLAINTIFF DEMANDS TRIAL BY JURY

Dated: June 4, 2020

                By: */s/Ikechukwue Emejuru*
                    Ikechukwu Emejuru
                    **Emejuru Law L.L.C.**
                    8403 Colesville Road
                    Suite 1100
                    Silver Spring, MD 20910
                    Telephone: (240) 638-2786
                    Facsimile: 1-800-250-7923
                    iemejuru@emejurulaw.com